JUSTICE HASSELL, with whom JUSTICE LACY and JUSTICE KEENAN
join, dissenting.
I write separately because I believe that Elena Stem was “getting on” the school bus as that term is set forth in the Graphic Arts policy of insurance.
The Graphic Arts policy of insurance defines “occupying” as “in, upon, getting in, on, out or off.” As the majority points out, Elena was waiting for the public school bus at her designated bus stop when the bus approached from the north and stopped, allowing her to board. The bus driver activated the bus’ flashing red lights and safety stop sign and extended the bus’ safety gate. Elena began to cross the road in front of the gate. She was several feet from the front of the bus when a car struck her. My experiences, as well as those of thousands of parents throughout this Commonwealth who accompany children to bus stops daily, lead me to the inescapable conclusion that, based upon the aforementioned facts, Elena clearly was getting on the bus when she was injured.
Additionally, contrary to the majority’s holding, I believe that Elena was using the bus within the intendment of Code § 38.2-2206. The school bus driver had stopped the bus for the sole purpose of *314 allowing the children to get onto the bus, and, as the majority admits, the driver activated the bus’ flashing red lights and safety stop sign, and extended its safety gate. The majority also admits that after the driver had activated the bus’ safety features, Elena began to cross the road “in front of the gate.” The majority’s own factual summary indicates to me that Elena was, at the very least, using the bus’ safety devices. The sole purpose of such devices is to protect school children. Therefore, I am at a loss to understand the majority’s conclusion that “the safety measures did not constitute a use of the bus by Elena.”